THE STATE OF NEVADA, on Relation of its DEPARTMENT OF TRANSPORTATION, Appellant/Cross-Respondent, v. KENNETH J. BARSY; SHELBY R. SEILER; YOUNG ELECTRIC SIGN COMPANY, a Utah Corporation; GOLDEN WEST MECHANICAL, INC., a Nevada Corporation; WYATT, TIEDER, KILLIAN AND HOFFER, a Virginia Partnership; SHARON L. BARSY; LAND TITLE COMPANY, INC., a Nevada Corporation, COLDWELL BANKER COMMERCIAL REAL ESTATE GROUP, INC., a Delaware Corporation; NEVADA TITLE COMPANY, a Nevada Corporation; VALLEY BANK OF NEVADA, a Nevada Corporation; UNITED STATES OF AMERICA ex rel. its Department of Treasury and Internal Revenue Service; CLARK COUNTY TREASURER; CLARK COUNTY SANITATION DISTRICT NO. 1; COUNTY OF CLARK, a Political Subdivision of the STATE OF NEVADA; and All Other Persons Unknown Claiming any Right, Title, Estate, Lien or Interest in the Real Property Described in the Complaint, Respondents/Cross-Appellants.

No. 26739

June 17, 1997                                        941 P.2d 969

■■■■■■■■■

*Frankie Sue Del Papa,* Attorney General, and *Leslie A. Nielsen,* Deputy Attorney General, Carson City, for Appellant/Cross-Respondent.

*Kermitt L. Waters,* Las Vegas, for Respondents/Cross-Appellants.

## OPINION

*Per Curiam:*

Respondents/cross-appellants assert that Justice Young has shown express or implied bias against Kermitt Waters, the attorney for respondents/cross-appellants, and that this is sufficient to disqualify him from hearing these cases. The basis of the claim is that Waters donated heavily to Justice Young's opponent in Justice Young's 1996 re-election campaign and that Justice Young commented that Waters' donations may have exceeded the campaign donation limits. This same argument was made and rejected in Las Vegas Downtown Redev. Agency v. Hecht, 113 Nev. 632, 940 P.2d 127 (1997), and that decision is dispositive of this ground for disqualification.

Respondents/cross-appellants also argue that Justice Young is disqualified from hearing these cases because the State of Nevada is represented by the Attorney General's office and the Attorney General endorsed and publicly supported Justice Young in the previous election. We considered essentially the same issue in Ainsworth v. Combined Ins. Co., 105 Nev. 237, 259, 774 P.2d 1003, 1019 (1989), where post-opinion motions

challenged former JUSTICE ELMER GUNDERSON'S participation in the case and requested a new hearing. One ground asserted to disqualify JUSTICE GUNDERSON was that Ainsworth's attorney had been a campaign co-chairman for GUNDERSON in a prior re-election campaign. The court concluded that legally insufficient grounds were shown to disqualify JUSTICE GUNDERSON and cited several of our prior cases. The court then went on to say:

> In the instant case, we similarly conclude that counsel's associations with the campaign in issue, years before this case came before this court, do not presently constitute legally competent grounds for recusal, vacatur or reargument under our statutes or code of judicial conduct. Nor do such associations establish the direct, substantial, pecuniary, and conflicting interests which have been held to warrant recusal and vacatur under the due process clause. *See* Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813 (1986). This state's constitution and code of judicial conduct specifically compel and countenance the election of all state judges, and leading members of the state bar play important and active roles in guiding the public's selection of qualified jurists. Under these circumstances, it would be highly anomalous if an attorney's prior participation in a justice's campaign could create a disqualifying interest, an appearance of impropriety or a violation of due process sufficient to require the justice's recusal from all cases in which that attorney might be involved.

*Id.* at 261, 774 P.2d at 1020.

Recently, we rejected in an unpublished order a similar claim that a Justice was disqualified because of the fact that one of the attorneys in the case had served as county chairman in his recent successful election campaign. Dow Chemical Company v. Mahlum, Docket No. 28600, (order denying JUSTICE MAUPIN'S voluntary recusal or, in the alternative, JUSTICE MAUPIN'S disqualification, April 14, 1997). We conclude that JUSTICE YOUNG'S disqualification is not required by virtue of the fact that he received the support of the Attorney General in the prior election.

Having previously considered and rejected these grounds for disqualification now urged by respondents/cross-appellants, the motion to disqualify JUSTICE YOUNG is denied.[1]

---

[1]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this motion.

THE HONORABLE CHARLES E. SPRINGER, Justice, did not participate in the decision of this motion.